UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EDWARD ROBERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAPUTO CHEESE USA,<br><br>　　　　　Defendant. | Case No. 1:24−CV−00175−BAM<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFF FLOYD EDWARD ROBERSON**<br><br>(Doc. 28)<br><br>**Status Conference**: November 17, 2025 at 9:00 a.m.; Department 8 |

　　　　Pending before the Court is the motion of Manny M. Starr and Michael D. Rachmann of Frontier Law Center ("Frontier"), requesting leave to withdraw as counsel of record for Plaintiff Floyd Edward Roberson ("Plaintiff"). (Doc. 10.) The matter was heard by videoconference on October 17, 2025, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Michael Rachmann appeared by Zoom video on behalf of Plaintiff. The Court delayed the start of the conference by seven minutes to allow Plaintiff additional time to appear. Plaintiff Floyd Roberson did not appear. Counsel Evelin Bailey appeared by Zoom video on behalf of Defendant Saputo Cheese USA, Inc. (*Id.*) During the hearing, the Court held an *in camera* session with Mr. Rachmann to discuss the reasons for withdrawal.

　　　　Having considered the moving papers, opposition papers, arguments of all counsel, the Court's *in camera* discussion with moving counsel, and record in this action, the motion to

1

1  withdraw as counsel of record will be GRANTED.

## BACKGROUND

This case is an employment action bringing claims for age discrimination, retaliation for reporting age discrimination, whistleblower retaliation, and retaliation under OSHA.  (Doc. 1-2.)  Plaintiff seeks damages for past and future loss of income and benefits, damages for emotional distress, punitive and exemplary damages, and reasonable attorneys' fees and costs.  (*Id.*)

On February 7, 2024, Defendant removed this action from Tulare County Superior Court.[1]  (Doc. 1.)  On May 9, 2024 and September 17, 2024, Mr. Starr appeared on behalf of Plaintiff at scheduling conferences before the Court.  (Docs. 9, 15.)  On June 13, 2025, Mr. Rachmann filed a notice of appearance for Plaintiff in this action.  (Doc. 27.)  On September 4, 2025, Plaintiff's counsel moved to withdraw as counsel.  (Doc. 28.)  Defendant's counsel filed an opposition to the motion.  (Doc. 30.)

On August 28, 2025, Mr. Starr sent an electronic copy of notice of intent to withdraw via email to Plaintiff's known email address.  (Doc. 28-2 ¶ 5.)  The same day, Mr. Starr attempted to make telephonic contact with Plaintiff to verbally confirm receipt of the notice and advised him directly of the pending motion, urging immediate action on his part to obtain new counsel or proceed *pro per*.  (*Id.* ¶ 6.)  On September 4, 2025, Mr. Starr sent written notice to Plaintiff by certified mail, return receipt requested, to Plaintiff's current last known address, communicating the intent to withdraw from representation and advising Plaintiff to seek alternative counsel or prepare to proceed *in propria persona*.  (*Id.* ¶ 4.)  On the same day, a Notice of Lien was filed, indicating that Frontier claims an attorney's lien pursuant to a valid fee agreement between Plaintiff and Frontier, dated July 19, 2023, for due and unpaid costs and attorneys' fees in the amount of $12,145.14 in costs and $82,062.50 in attorneys' fees, for a total of $94,207.64 plus interest accrued since August 28, 2025.  (Doc. 29.)  Defendant was provided with written notice of Frontier's intent to withdraw via electronic service.  (Doc. 28-2 ¶ 7.)  At the hearing, Mr.

---

[1] *Floyd Edward Roberson v. Saputo Cheese USA, Inc. and Does 1 through 100*, Case No. VCU304497, was filed in the Superior Court of the State of California, County of Tulare on December 22, 2023.  (Doc. 1.)

2

Rachmann represented that neither the email nor mail communications were returned as undeliverable.

**DISCUSSION**

**A. Motion for Leave to Withdraw**

Plaintiff's counsel moves for leave to withdraw immediately as attorneys of record. (Doc. 28.) According to the moving papers, Plaintiff's counsel contends that "[g]ood cause for withdrawal exists because an irreparable breakdown in the attorney-client relationship has occurred, rendering continued representation ethically and practically impossible." (Doc. 28-2 ¶ 8.) Plaintiff's counsel notes that "[d]ue to the obligation to maintain client confidentiality under CRPC Rule 1.16, Frontier cannot disclose specific details of Plaintiff's conduct precipitating the breakdown in representation without violating ethical duties." (*Id.*) Plaintiff's counsel requests that, to the extent the Court requires additional information concerning the reasons for withdrawal, the Court grant leave to submit a supporting declaration for *in camera* review. (Doc. 28-1 at 2.) Plaintiff's counsel argues that because the attorney-client relationship between counsel and Plaintiff is "fractured beyond repair," "any new counsel Plaintiff may retain (or even Plaintiff acting in pro per) can more effectively advocate Plaintiff's position, thereby ensuring fairness and advancing the efficient resolution of this matter." (*Id.* at 3.) Plaintiff's counsel further contends that no prejudice or delay will result from Frontier's withdrawal, "as no substantive motions have yet been adjudicated, discovery remains open until January 28, 2026, and trial is not scheduled until January 26, 2027," and that Plaintiff will therefore have sufficient time to retain new counsel or proceed *in propria persona*. (Doc. 28-2 ¶ 9.)

**B. Defendant's Opposition to the Motion to Withdraw**

Defendant's counsel has filed an opposition to the motion to withdraw. (Doc. 30.) Defendant appears not to oppose the withdrawal itself. (*Id.* at 1) (presumably meaning *Defendant* when stating that "*Plaintiff* does not oppose the withdrawal itself") (emphasis added). Nevertheless, Defendant requests that the Court "1) vacate the current trial date and 2) set a status conference to allow Plaintiff Floyd Roberson [ ] adequate time to secure new legal representation and report back to the Court on his effort." (*Id.*) Defendant further notes that five depositions

have taken place and over 5,000 documents have been produced, and that "Plaintiff will require time to retain new counsel and for that counsel to become familiar with the case." (*Id.* at 3.) As ordered by the Court's Scheduling Conference Order (Doc. 16), several key deadlines are scheduled to occur early next year.[2]

### C. Legal Standard

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California (hereinafter, the "Rules") provide that an attorney may withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the client insists upon presenting a claim or defense in litigation, or asserting a position . . . that is not warranted under existing law and cannot be

---

[2] According to the Scheduling Conference Order (Doc. 16), upcoming deadlines are as follows: Expert Disclosure Deadline: February 27, 2026. Supplemental Expert Disclosure Deadline: March 20, 2026. Non-expert Discovery Cutoff: January 28, 2026. Expert Discovery Cutoff: April 24, 2026. Pre-trial Motion Filing Deadline: May 18, 2026. The Pretrial Conference is set for October 19, 2026 at 1:30 PM in Courtroom 6 before District Judge Kirk E. Sherriff. Jury Trial set for January 26, 2027 at 9:00 AM in Courtroom 6 before District Judge Kirk E. Sherriff.

supported by good faith argument" (Rule 1.16(b)(1)), or where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10).

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas*, 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

**D. Analysis**

The Court will first consider the reasons why withdrawal is sought. *Canandaigua*, 2009 WL 89141 at *1. In the instant action, the Frontier attorneys represent that good cause for withdrawal exists because "an irreparable breakdown in the attorney-client relationship has occurred, rendering continued representation ethically and practically impossible." (Doc. 28-2 ¶ 8.) Plaintiff's counsel provides that due to the obligation to maintain client confidentiality under Rule 1.16, Frontier cannot disclose specific details of Plaintiff's conduct precipitating the breakdown in representation without violating ethical duties. (*Id.*)

During the hearing, the Court conducted an *in camera* hearing with Mr. Rachmann. While attorney-client privilege precluded disclosure of the full measure of the conflict with continuing the representation of Plaintiff, the Court was satisfied with the additional information provided by Mr. Rachmann that an irreparable breakdown of the relationship has occurred.

Having considered Manny Starr's Declaration and Mr. Rachmann's representations made during the motion hearing, the Court finds good cause to permit withdrawal under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred. Further, Plaintiff's counsel has complied with the notice requirements set forth by Local Rule 182(d) as they served Plaintiff with a copy of the motion to withdraw by mail and

email. *See M.H. by & through Arterberry v. Kern High Sch. Dist.*, No. 1:23-CV-00531-KES-CDB, 2024 WL 1623398, at *2 (E.D. Cal. Apr. 15, 2024) (finding same).

The Court will next consider the prejudice withdrawal may cause other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. *Canandaigua*, 2009 WL 89141 at *1. Defendant has expressed concern that the current schedule (Doc. 16) does not present sufficient time for Plaintiff to retain new counsel and for that counsel to become familiar with the case. (Doc. 30 at 3.) Defendant further contends that "[p]roceeding with the current trial schedule without adequate representation would harm the Plaintiff's ability to effectively present his case," and that this "could also negatively impact the Defendant, as an unfavorable outcome for the Plaintiff might lead to prolonged litigation through appeals, increasing costs for both parties and burdening the court system." (*Id.*)

Defendant requests that the Court vacate the current trial date and set a status conference to allow Plaintiff adequate time to secure new legal representation and report back to the Court on his efforts. (*Id.* at 1.) The Court declines to vacate the current trial date at this time. The Court finds that setting a status conference on **Monday, November 17, 2025 at 9:00 AM** will provide Plaintiff sufficient time to secure new legal representation, as well as afford an opportunity to discuss scheduling and prevent delay to the resolution of the case. The Court further notes that Defendant may seek relief from the Court in the event that Plaintiff does not diligently prosecute this case or fails to comply with his discovery obligations. *See* Fed. R. Civ. P. 37; *M.H. by & through Arterberry*, 2024 WL 1623398, at *2.

Accordingly, Court finds that counsel has demonstrated good cause for permissive withdrawal as attorney of record in light of factors outlined above. Given the procedural posture of this case, the Court can minimize the harm to the administration of justice and not unduly delay the resolution of the case.

**CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. The motion for leave to withdraw as attorneys of record for Plaintiff Floyd Edward Roberson filed by Manny Starr and Michael D. Rachmann of Frontier Law Center (Doc. 28) is

GRANTED.

2. Floyd Edward Roberson is substituted *in propria persona* in place and stead of Manny Starr and Michael D. Rachmann of Frontier Law Center.

3. The Clerk of the Court is directed to update the docket with the contact information of Floyd Edward Roberson at his last known address:

PO Box 304,
Traver, CA 93673
floyder61@icloud.com

Plaintiff is advised that pursuant to Local Rules 182(f) and 183(b) he is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number.

4. The Court further sets a Status Conference to determine how Plaintiff intends to proceed in this action and discuss amending the scheduling order for **November 17, 2025 at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** with each party connecting remotely via Zoom video conference. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

5. The Clerk of the Court is directed to serve a copy of this Order on Plaintiff by mail at his last known address <u>and</u> by email.

IT IS SO ORDERED.

Dated:  **October 17, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                            UNITED STATES MAGISTRATE JUDGE

7